No. 38,435

STELLA MARIE SMITH, *Appellee,* v. ARTHUR A. HERRICK, State Director of Alcoholic Beverage Control, *Appellant.*

(238 P. 2d 557)

Opinion filed December 8, 1951.

*Clay C. Carper,* of Topeka, argued the cause and was on the briefs for the appellant.

*Herman W. Smith, Jr.,* of Parsons, argued the cause, and *Elmer W. Columbia* and *John B. Markham,* both of Parsons, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an appeal from a judgment of the district court reversing the order of the State Director of Alcoholic

Beverage Control and the Alcoholic Beverage Control Board of Review revoking the retail liquor license of the appellee and denying her application for a renewal of the license. The matter was presented to the trial court upon a written stipulation of the facts, which may be summarized or quoted as follows: The appellee was issued a Kansas retailer's liquor license on August 13 and commenced operating a retail liquor business in Parsons on September 24, 1949. On July 20, 1950, she filed her application with appellant for a renewal of a license and tendered her license fee and bond as provided by law. On August 5, 1950, appellant served upon appellee a citation to appear before him on August 17 to show cause why her retail liquor license should not be revoked on four counts for the violation of our liquor control act. The first was for the violation of section 78 of the law (now G. S. 1949, 41-715); the second was for the violation of section 76 (now G. S. 1949, 41-713). The other two counts need not be noted as they were dismissed at the hearing. A hearing was had by appellant on the date set, on which appellant issued an order on August 29 in which he found that appellee had been convicted April 12, 1950, in the police court of the city of Parsons, of selling intoxicating liquor to a minor, and that the conviction constituted a violation of section 78 of the liquor control act; and on the second count that appellee had employed a convicted felon in her liquor business in violation of section 76 of the act, and upon such finding appellant ordered appellee's license revoked. By a separate order, dated August 29, appellant denied appellee's application for a renewal of her license for the reason and upon the ground that her license had been revoked. Thereafter appellee served proper notice and perfected her appeal from both orders of appellant to the Alcoholic Beverage Control Board of Review. That board conducted a hearing on the appeal on September 22, 1950, and found that appellee was convicted of the charge of selling liquor to a minor in the police court of Parsons, and that such conviction constituted a violation of section 78 of the liquor control act, and sustained the order of appellant revoking appellee's license on that ground and held that the previous revocation of appellee's license estopped appellant from issuing a renewal of the license and ordered that the same be not reissued. On the second count the board held appellee did not employ a felon in her retail liquor business and that the charge on that count was unsupported by the evidence. Thereafter appellee

gave a proper and timely notice of appeal from the order of the Board of Review to the district court of Labette county. The appellant here filed no appeal from the order of the Board of Review.

It was further stipulated, "That said Stella Marie Smith did on April 1, 1950, sell to one Joseph Munding a one-fifth size bottle of intoxicating liquor."

It was further stipulated:

"(a) That the birth certificate of Joseph Munding filed in the office of the State Registrar of Vital Statistics for the State of Kansas recites the date of the birth of said Joseph Munding to be April 27, 1930.

"(b) That the records in the office of the State Vehicular Commissioner for the State of Kansas show that a driver's license was issued to Joseph Munding upon his written application reciting his date of birth to be April 27, 1920, and that a Kansas Motor Vehicle Operator's License was issued to him for the years 1947 to 1949 which license recites the date of his birth to be April 27, 1920.

"(c) That the driver's license above referred to had been exhibited to Stella Marie Smith prior to April 1, 1950, and that in making the sale referred to herein to said Joseph Munding she relied upon said driver's license and his personal appearance, and honestly believed that said Joseph Munding was over the age of twenty-one (21) years as indicated by said driver's license."

It was further stipulated that appellee was convicted in the police court of the city of Parsons on April 12, 1950, of selling intoxicating liquor to a minor and was fined in the sum of $100 and costs and sentenced to thirty days in jail, and that she appealed that case to the district court, where a trial was had on November 28, 1950, and she was acquitted.

The orders made by appellant on August 29 and the opinion, decision and order of the Board of Review were attached as exhibits to the stipulation.

These need not be noted further than as summarized in the stipulation, except to point out that the appellant in his order of August 29 found that prior to the issuance of the citation to appellee one C. W. Chandler was employed in and about the licensed premises of appellee; that he was engaged in waiting upon retail customers, placing merchandise upon the shelves and pricing the same; that in the district court of Labette county he had been convicted as a persistent violator of the intoxicating liquor law and sentenced to the state penitentiary; that by reason of the conviction he had been adjudged guilty of a felony, and his employment in and about the retail premises of the licensee was a violation of section 76 (G. S. 1949, 41-713). The opinion, decision and order of the Board of Review made the same finding in slightly different

wording, but found "that the charge made by the Director that Stella Marie Smith did employ C. W. Chandler in connection with the operation of the licensed premises is invalid and unsupported by the evidence; and that there was, therefore, no violation of section 76 of the Kansas Liquor Control Act." While the director did not appeal from the decision of the Board of Review, and the point has not been argued here, as a matter of interpretation of the statute we think it advisable to point out that the Board of Review may have given the wrong interpretation to the language of our statute, which so far as here pertinent reads:

"It shall be unlawful for a retailer of alcoholic liquor: . . . (3) to employ any person in connection with the operation of such retail establishment who has been adjudged guilty of a felony."

Perhaps the Board of Review placed upon the Director of Alcoholic Beverage Control the burden of showing a contract of employment between the licensee and the felon. One of the definitions of "employ" given in Webster's New International Dictionary, Second Edition, is "To make use of the services of; to give employment to; to entrust with some duty or behest." Also: "To occupy; busy; devote; concern; as, to *employ* time in study; to *employ* one's energies to advantage." In this sense the word is not tantamount to the word "hire." If the felon was there doing the things the appellant and Board of Review found he was doing, that was his employment and is forbidden by the statute. (See 30 C. J. S. 223 to 225 and cases there cited.) We shall not base our decision upon this point, however, since the director did not appeal from the decision of the Board of Review and the trial court did not pass on it, and it has not been argued here.

In support of the judgment of the trial court the argument of counsel for appellee is concerned with the contention that although the appellee had been convicted of a sale of intoxicating liquor to a minor in the police court of the city of Parsons, having been charged with such an offense under the city ordinance, that she appealed to the district court, as she had a right to do, and upon a trial in the district court she was found not guilty several months later than the orders made by appellant and the Board of Review, the orders of appellant and the Board of Review were not authorized. Or perhaps the contention may be that they became ineffective. We think this point is not well taken. The appellant here was not a party to, and had nothing to do with that case in the police court of Parsons either while it was pending in that court or while it was pending in

the district court. The final decision in that case is not before us for review here. The stipulation of the parties here indicates what was likely before the court on that appeal, namely: (1) that the licensee did sell intoxicating liquor to one Joseph Munding on April 1, 1950; (2) that his birth certificate filed in the office of the State Registrar of Vital Statistics, recites the date of his birth to be April 27, 1930. This shows Munding was of the age of nineteen years, eleven months and four days when the sale was made to him, hence of course was a minor. To counteract that very positive proof it appears that sometime in 1947 Munding made a written application for an automobile driver's license in which he stated the date of his birth to be April 27, 1920, ten years prior than it actually was, or at least as it was shown by the record in the offices of the State Registrar of Vital Statistics. It is argued that this made a conflict of evidence which had to be weighed by the court or jury in the hearing of the appeal from the conviction of appellee in the city court of Parsons. Whatever effect that certificate should have had upon the trial of that case we decline to give it effect here. Upon the face of it, it appears that young Mr. Munding in making such an application for a driver's license violated our statute (G. S. 1949, 8-268) by making a false statement of his age. Conduct of that kind cannot be used to defeat an otherwise valid order of the State Director of Alcoholic Beverage Control and a valid decision of the Alcoholic Beverage Control Board of Review.

With reference to sales to minors, section 78 of the statute (G. S. 1949, 41-715) reads:

"No person shall knowingly or unknowingly sell . . . any alcoholic liquor to . . . any minor . . ."

From the stipulated facts in this case we think it clear that such a sale was made. The result is that the judgment of the trial court should be reversed.

It is so ordered.